# United States Courts OF APPEALS FOR THE SECOND CIRCUIT

Tommy BARNes,
Plaintiff-Appellant

v.

New York City, et al.,
Defendants-Appellees.

RECEIVED 2021 MAY -6 PM 2:52 UNITED STATES COURTS OF APPEALS

On Appeal From the United States District Court
For the Southern District OF New York

## Brief of Appellant Tommy BARNes

Tommy BARNes, Pro Se

Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

Page 1

# TABLE OF CONTENTS

Page(s)

Table of Contents ............................................. 2

Table of Authorities ......................................... 3

Statutes & Rules ............................................. 3

Statement of Subject Matter & Appellate Jurisdiction ___ 4-5

Statement of the Issues Presented For Review _____ 5-6

Statement of the Case _____ 6-8

Statement of the Facts _____ 9-10

Summary of the Argument _____ 10-12

Argument _____ 12-15

Conclusion _____ 15

Certificate of Compliance _____ 16

Certificate of Service _____ 17

# Table of Authorities

Heck v. Humphrey, 512 U.S. 477; Wong Sun v. U.S., 371 U.S. 471; Dible v. Scholl, 410 F. Supp. 2d 807; Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); United States v. Aceto Agri. Chems. Corp., 872 F. 2d 1373, 1376 (8th Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 80 (1957); Gross v. Weber, 186 F. 3d 1089, 1090 (8th Cir. 1999); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986); Tennant v. Peoria 3 P.U.R. Co., 321 U.S. 29, 35, 64 S. Ct. 409 (1944); Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 504 n. 8, 77 S. Ct. 443 (1957); Ashcroft v. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

## STATUTES

#42 U.S.C. § 1985 3 1983; # 2017 New York Assembly Bill No. 5306, New York Two Hundred Fortieth Legislative Session, 3. (B) Subdivision one, two, three; 28 U.S.C. 2254; 4th, 5th, 6th 3 14TH Amendment; PL 220.39, 220.16; GML-50-h (5);

## RULES

Federal Rules of Civil Procedure 12 (c), 12 (b) (6);

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

I, Tommy Barnes, the Pro-Se Plaintiff in the Above Action, on August 7, 2018 filed A complaint in the Southern District of New York with claims Against Defendants City of New York And Defendant Police officers for violating 42 U.S.C. § 1983 for conduct Amounting to (1) False Arrest, (2) excessive use of force, (3) Failure to intervene, (4) unlawful search and seizure, (5) Fabrication of evidence, (6) denial of due process, (7) denial of A Fair trial, (8) malicious prosecution, and (9) Abuse of process, in violation of my Fourth, Fifth, Sixth and Fourteenth Amendment rights. Dkt. No. 2-pages 26-27. The Plaintiff Further claims that the officers violated 42 U.S.C. § 1985 by conspiring to deprive me of my Fourth, Fifth, Sixth And Fourteenth Amendment rights. Id. Pages 40-42. Also, upon exhaustion of State remedies when State of New York Court of Appeals denied me leave to Appeal on August 29, 2019, I filed my Opposition to the Defendant's motion to dismiss on November 20, 2019 seeking And re-

questing immediate release from custody And for my suit to be classified as a habeas corpus in Accordance with Heck v. Humphrey, 512 U.S. 477, 480- and 477; this was filed in the District Court oN 01-114/20, Document 79-7, Pages 5, 10-12.

On November 25, 2020 my claims was dismissed and I filed an appeal as a result of said final judgment on 01/07/2021. The District court did not even Acknowledge My request for my 1983 claim to be converted/classified as a state prisoner habeas corpus petition pursuant to 28 U.S.C. § 2254. As A result, the Court of Appeals has jurisdiction on this blatant miscarriage of justice.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The district court abused its discretion by failing to -- as requested by plaintiFF-AppellAnt -- convert the 1983 claim into a state prisoner habeas corpus petition pursuant to 28 U.S.C. § 2254. Other issues presented for review is that Defendant police officers violated 42- U.S.C. § 1983 for conduct amounting to (1) False

Page 5

arrest, (2) excessive use of force, (3) failure to intervene, (4) unlawful search and seizure, (5) fabrication of evidence, (6) denial of due process, (7) denial of a fair trail, (8) malicious prosecution, and (9) abuse of process in violation of my Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Defendant officers also violated 42 U.S.C. § 1985 by conspiring to deprive the plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights.

## STATEMENT OF THE CASE

Plaintiff was arrested on January 21, 2014 and charged with Criminal Sale and Criminal Possession of A Controlled Substance in the Third Degree pursuant to New York's Penal Law §§ 220.39 and 220.16. Dkt. No. 63, Ex. C. Following A jury trial, Plaintiff was Acquitted on the criminal sale charge and convicted, unlawfully, for criminal possession, Allegedly, of less than half of A gram of crack cocaine, for which I was sentenced on January 18, 2016 to fifteen years in prison and three years of post-release parole supervision.

Page 6

Plaintiff claims that prior to his Arrest, he had been speaking with someone when Defendant officers suddenly Arrested and searched him without cause. DKt. No. 2, pages 9, 11, 12. Defendant officers "grabbed the plaintiff with great force and placed handcuffs on him so tightly that his hands and forearms were swollen for over six days following the arrest and I was prescribed medicine, among other things, for the swelling/injury. Id. at 11. Defendant police officers falsely stated to prosecutors that Plaintiff was observed by police in the midst of a snow blizzard, standing 10 to 12 feet away from inside a restaurant's window that was wet from the snow, sell drugs to someone, and Plaintiff contends that the Defendant officers who were present during the arrest knew the charges were false but did nothing to intervene. Id at pages 16, 23, 24. On August 7, 2018 plaintiff filed a complaint in the District Court against Defendants City of New York, Sergeant Kenneth Caesar, officer-turned-fire fighter Michael Mannetta, and Officer Nicholas Mauceli, seeking compensatory and punitive damages in connection with his arrest on January 21, 2014. Defendants are liable to the Plaintiff for violations of 42 U.S.C. §§ 1983 and 1985, assault

Page 7

and battery, negligent and intentional infliction of emotional distress, negligent hiring and retention of police officers, and violations under Article 1 of the New York state Constitution, as well as conspiracy to violate that Article. DKT. No. 2. Defendants filed an Answer on February 1, 2019. DKt. No. 28. On November 8, 2019, the Defendants filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). DKt. No. 62. On November 11, 2019 I, the Plaintiff-Appellant filed my Memorandum of Law in Opposition OF Defendants' Motion to Dismiss Pursuant To Federal Rules of Civil Procedure 12(c); which the District Court officially filed on 01/14/20. Document 79-7. On December 17, 2019 I re-filed a motion for summary judgment (DKt. No. 71) because the one I filed approximately 6 (six) months earlier wasn't acknowledged that it had been received. On November 25, 2020, District Judge Alison J. Nathan dismissed Plaintiff's federal claims with prejudice and has **declined** to exercise supplemental jurisdiction of the state claims, which was dismissed without prejudice, DKt.— No. 86 and DKt. No. 87. The Court Grants Defendants motion for judgment on the pleadings Plaintiff's Federal law claims.

## STATEMENT OF THE FACTS

District Courts Are required to Accept Complaint='s Factual Allegations As true And to construe them in light Most Favorable to the Plaintiff, which was brought to the Court's Attention in my Memorandum of Law in Opposition of Defendants' Motion to Dismiss. Document No. 79-7, pages 12-13. Once I was Acquitted on the drug sale count of the indictment, the Constitution Forbids me to go to court or be convicted of the possession count — It's called the Wong Sun Doctrine. Document No. 79-7, pages 18-19. GML § 50-h(5) states that "no Action shall be commenced against the city... against which the claim is made unless the claimant has duly complied with such demand For examination." I mention this in A letter to the Comptroller's office when they intentionally delayed the above examination hearing even After my constant requests for one! I even wrote A complaint to Judge Alan C. Marin on September 20, 2017. Document No. 79-7, pages 26, And Exhibit H on pages 73-85. Heck v. Humphrey states A Cause of Action does not Accrue until the criminal proceedings have terminated in the

Page 9

plaintiff's favor. Document No. 79-7, pages 18-19. This occurred when I was acquitted on the drug charge and denied a fair trial. Document No. 79-7, pages 18-27. This action is eligible to be classified as a habeas corpus due to the fact that I exhausted my state remedies, see Document No. 79-7, page 5-paragraph 8, and Exhibit G on page 72 which is the order denying me leave to appeal in the Court of Appeals; and also because in my lawsuit I am challenging the legality of my conviction which will require my immediate release if relief is granted based on my claims. See Document 63-1, page 6-paragraph 25, where plaintiff complains about his continuing to suffer "loss of liberty."

## SUMMARY OF THE ARGUMENT

When ruling on a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. Credibility determinations, the weighing

of the evidence, and the drawing of legitimate inferences from the FACTS Are jury Functions, not those of a judge and I requested a jury trial. The record shows clearly that the officers Arrested, imprisoned and searched me because of their False allegations that they observed me making a drug sale. See Exhibit A of Document No. 79-7, pAges 29-32 - The Trial Testimony of Police Officer Sergeant kenneth Caesar, Shield number 2940. I was acquitted on the drug sale thus making the conviction of the ~~sale~~ possession invalid due to ineffective Assistance of trial Counsel for FAiling to request that the jury be charged, instructed on A probAble Cause defense which would've guided the jury of acquitting me of the possession count also, pursuant to the 4th Amendment And the Fruit of the Poisonous tree-Wong Sun Doctrine (And the content of the jury note during their deliberation on 6/8/16 at 10:15 AM to Justice E. McLaughlin, PArt 93, inquiring About the possession count is Proof of their Misguidance). I wrote A complAint

page 11

about this lawyer that's A pArt of Exhibit F in document No. 79-7, pages 66-67 — where I wrote (on pAge 67): "Mr. Fusfeld Fails to communicAte with me on defense strategies And refuses to appeal my 30.30 motion decision and make a motion. He does not listen to my version of events And FAil to investigate my witnesses. As A result, I've written complaint AgAinst him. I do not wAnt this Attorney to represent me due to his ineffective AssistAnce of counsel." I was denied a FAir trial And WAS even denied A trial by the district courts — which dism-issed my case! The district court Abused its discretion by FAiling to — — As requested by PlaintiFF-Appellant — — convert the 1983 claim into A state prisoner habeas corpus peti-tion pursuant to 28 USC § 2254.

## ARUMENT

The PlaintiFF-Appellant's contentions with respect to the issues presented For re-view is based upon Dible v. Scholl, 410 F.supp. 2d 807, holding that, "[T]he issue on A Rule 12

—(b)(6) motion to dismiss for failure to state. claim upon which relief can be granted is not whether a plaintiff will ultimately prevail, bi whether the plaintiff is entitled to offer evidence in support of his, her, or its claims. Scl euer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L Ed. 2d 90 (1974); abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. — 2727, 73 L. Ed. 2d 396 (1982); United States v. — Aceto Agric. Chems. Corp., 872 F. 2d 1373, 1376 — (8th Cir. 1989). In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged by the complaining party are true, and must liberally construe those allegations. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. — 99, 2 L. Ed. 80 (1957); Gross V. Weber, 186 F. 3d — 1089, 1090 (8th. Cir. 1999) ("On a motion to dismiss, we review the district court's decision de novo, accepting all the factual allegations of the complaint as true and construing them in light most favorable to [the non-movant].")." In the case at bar, I was denied to even present my evidence before a jury and it

WAS held in Anderson v. Liberty Lobby, Inc., 477-U.S. 242, 255, 106 S. Ct. 2505 (1986) ("credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."); Tennant v. Peoria and P.U.R. Co., 321 U.S. 29, 35, 64 S. Ct. 409 (1944) ("The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable," (quoted in Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 504 n. 8, 77 S. Ct. 443 (1957)). My claims has "factual plausibility" that establishes the "reasonable inference" that the defendant is liable for the misconduct alleged." – see Iqbal v. Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937. I was arrested, injured, imprisoned, searched and prosecuted for a drug sale I never committed and was later exonerated for it — this count that was dismissed is the sole basis for the imprisonment complained of, which makes me eligible for the relief outlined in the "2017 New York Assembly Bill No. 5306, The Wrongfully Convicted and Imprisonment Recovery Act, §3. (B) subdivision one, two, three (where the count dismissed was the

sole basis for the imprisonment complained of)." Such is the exact issue in the case at bar. Also see Document No. 79-7, pages 12-18, The Standard of Review section of My Memorandum of Law In Opposition of Defendant's Motion To Dismiss.

CONCLUSION

I therefore respectfully ask that this Court reverse the judgment of the district court with a finding of fact in favor of the plaintiff-Appellant, also classifying this suit as an habeas corpus releasing the plaintiff-appellant immediately from this unlawful custody of imprisonment. In the alternative the court should remand the case for a fair and impartial trial before an unprejudiced jury on proper evidence and under correct instructions as is just and proper.

Respectfully Submitted,

Dated: April 23, 2021
Comstock, New York

Tommy Barnes, Pro Se
Plaintiff-Appellant

Page 15

# CERTIFICATE OF COMPLIANCE

I, Tommy Barnes, certify that this brief contains 14,000 words or less.

# United States Court of Appeals for the Second Circuit

CAPTION:

TOMMY BARNES,
Plaintiff-Appellant   v.
New York City, et al.,
Defendants-Appellees

**CERTIFICATE OF SERVICE**
Docket Number: 21-33

I, Tommy Barnes , hereby certify under penalty of perjury that on
_(name)_
April 23, 2021 , I served a copy of The Brief And
_(date)_
Appendix of Appellant Tommy Barnes
_(list all documents)_

by (select all applicable)*

✓ United States Mail
___ Federal Express
___ Overnight Mail
___ Facsimile
___ E-mail
___ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| Anna Woloncie Gottlieb, | 100 Church St, | N.Y. | N.Y. | 10007 |
| U.S. Courthouse, | 40 Foley Square, | N.Y. | N.Y. | 10007 |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| | | | | |

4/23/2021
Today's Date

Z— B
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

SAMPLE ONLY                    Page 17                    Rev. 10/11/2011

To
Great Meadow Correctional Facility
11739 State Route 22,
P.O. Box 51
Comstock, New York 12821

Great Meadow

Correctional Facility

NEOPOST
05/04/2021
US POSTAGE

USM'AID
SDNY

United States Court of Appea
United States Courthouse
40 Foley Square
New York, New York 10007



**LEGAL MAIL**



RECEIVED
2021 MAY -6 PM 3:52
CLERK'S OFFICE
U.S. COURT OF APPEALS